# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**NU IMAGE, INC.,**

      **Plaintiff,**

-vs-                                              Case No. 2:12-cv-109-FtM-29DNF

**DOES 1-2,515,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This Cause is before the Court on the following motions:

1) John Doe #3's Motion to Dismiss or Sever for Misjoinder or in the Alternative, Motion to Quash the Subpoena of John Doe #3 (Doc. 35) filed on June 12, 2012;

2) John Doe #40's Motion to Dismiss and/or Issue a Protective Order (Doc. 41) filed on June 18, 2012;

3) John Doe #122's Motion to Dismiss and/or Issue a Protective Order (Doc. 42) filed on June 18, 2012;

3) John Doe #335's Motion to Quash or Vacate Subpoena (Doc. 43) filed on June 18, 2012; and,

4) Elna Coloma IP Address 98.249.134.22's Motion to Quash Subpoena (Doc. 44) filed on June 21, 2012;

The Plaintiff, Nu Image, Inc. filed an Opposition (Docs. 45) on June 26, 2012 to the above motions. Many of the same issues were raised by the John Does[1] in their motions, therefore, the Court will consider the issues raised together.

**I. Background**

On February 29, 2012, the Plaintiff filed a Complaint for Copyright Infringement (Doc. 1) alleging that the Plaintiff is the owner of the copyright and has exclusive rights under the copyright law of the United States to the motion picture, "*Conan*" also known as *"Conan the Barbarian"* (Com.[2] ¶3)[3]. The Plaintiff transfers its motion picture by using a "BitTorrent protocol" or "torrent" which allows even small computers with low bandwidth to be able to participate in the transfer of large data across a P2P network. (Com. ¶3). The initial file provider elects to share a file with a torrent network. (Com. ¶3). The initial file is referred to as a seed. (Com. ¶3). Other users connect to the network to download the seed file. (Com. ¶3).

The Plaintiff claims that the Doe Defendants have used and continue to use an online media distribution system to reproduce and distribute this motion picture to others. (Com. ¶12). The Plaintiff identified the Doe Defendants by their IP (Internet Protocol) addresses which were assigned to the Does by the Does' ISPs (Internet Service Providers), and these IP addresses were observed conducting infringing activities on a specific date and time. (Com. ¶12). The Plaintiff contends that

---

[1] The Court will refer to the Defendants as "Doe Defendants" including the Defendants who responded by using their name or an IP address.

[2] "Com." refers to the Complaint (Doc. 1).

[3] The facts presented in this Order are derived from the allegations in the Complaint (Doc. 1). The Court will accept these facts as true only for the purposes of this Report and Recommendation.

each Doe Defendant participated in a "swarm" and reproduced and/or distributed the same seed file of the Plaintiff's copyrighted motion picture to others. (Com. ¶12).

The Plaintiff asserts that the names of the Doe Defendants are unknown to the Plaintiff, and the Plaintiff is only able to obtain the IP addresses assigned to the Doe Defendants. The Plaintiff asserts that

> on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the Untied States, including this one.

(Com. ¶5). The Doe Defendants have not been served with process and are attempting to quash the subpoenas to the ISP so that the Plaintiff will not be able to obtain the information needed to serve the Doe Defendants.

The Plaintiff filed Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (Doc. 8) on March 19, 2012, requesting that the Court allow it to serve subpoenas on ISPs to obtain the names, addresses, telephone numbers, e-mail addresses, and Media Access Control Addresses for the Doe Defendants. The Court entered an Order (Doc. 9) on March 20, 2012 allowing the subpoena to be served. In response, certain Doe Defendants filed the above motions.

**II. Personal Jurisdiction**

Although these specific Doe Defendants do not raise the issue of lack of personal jurisdiction, the Court entered a Report and Recommendation (Doc. 49) on June 29, 2012 which found that the issue of personal jurisdiction over every defendant must be determined prior to the case proceeding. The Plaintiff asserts that the Doe Defendants should not be able to raise the issue of lack of personal

jurisdiction because they have not been served or individually named, and the only issue before the Court is whether the subpoenas should be quashed. The Plaintiff argues that the Doe Defendants do not have standing to challenge the subpoenas except on the basis of privilege or privacy. The Plaintiff contends that the subpoenas in the instant case were not served on the Doe Defendants, and the Doe Defendants have not made any factual showing that the records have confidential or proprietary information in them. The Honorable John E. Steele, United States District Judge recently entered an Opinion and Order in the case of *Nu Image, Inc. v. Does 1-3,932*, Case No. 2:11-cv-545-FtM-29DNF, 2012 WL 1890632 *1 (M.D. Fla May 23, 2012) which determined the issue of personal jurisdiction in an action with a Complaint that has the same allegations concerning personal jurisdiction as in the instant case. Judge Steele determined, "[t]he court concludes that plaintiff undervalues the role of personal jurisdiction and misstates its pleading obligation." *Id*.

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so the court's decision will bind them. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1882) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171-172 (1938) and *Thompson v. Whitman*, 85 U.S. 457, 21 L.Ed. 897 (1874)). Personal jurisdiction flows from the Due Process Clause which protects "an individual liberty interest." *Id*. "Thus, the test for personal jurisdiction requires that the maintenance of the suit . . . not offend traditional notions of fair play and substantial justice." *Id*. (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)) (internal quotation marks omitted). Personal jurisdiction restricts a court's

judicial power "not as a matter of sovereignty, but as a matter of individual liberty." *Baragona v. Kuwait & Gulf Link Transportation Co.*, 691 F. Supp.2d 1351, 1358 (N.D. Ga. 2009) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)). Personal jurisdiction is an essential element of jurisdiction of a federal district court and without personal jurisdiction the counsel "is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (*citing *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382 (1937) (internal quotation marks omitted)). Generally, courts should address issues relating to personal jurisdiction prior to adjudicating issues on the merits. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citations omitted).

In cases where jurisdiction is based upon federal question arising under a statute that is silent as to service of process, which is the statute in the instant case, courts employ a two-step process to determine whether personal jurisdiction is satisfied. *Sloss Indus. Corp. v. Eurisol*, 488 F. 3d 922, 925 (11th Cir. 2007), and *Sculptchair, Inc. v. Century Arts, Ltd*, 94 F.3d 623, 626-627 (11th Cir. 1996) (citing *Cable/Home Commc'n v. Network Prod's*, 902 F.2d 829, 855 (11th Cir. 1990)). First the Court must determine if the exercise of jurisdiction is appropriate under Florida's long-arm statute, and second the Court must examine whether the exercise of jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment which requires that a defendant have minimum contacts with the forum state, and that exercise of jurisdiction not offend traditional notions of fair play and substantial justice. *Id*. The burden in on the plaintiff to establish a prima facie case of personal jurisdiction over nonresident defendants. *Consolidated Dev. Corp. v. Sherritt, Inc.* 216 F.3d 1286, 1291 (11th Cir. 2000). Vague and conclusory allegations are not sufficient to subject a defendant

to personal jurisdiction of a court. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (citing *Posner v. Essex Ins. Co. Ltd.*, 178 F.3d 1209, 1217-18 (11th Cir. 1999)).

The Plaintiff alleges one claim for copyright infringement against all of the Doe Defendants asserting federal question jurisdiction pursuant 28 U.S.C. §1331. (Doc. 1, ¶2). The allegations relating to personal jurisdiction are "on information and belief, each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one." (Doc. 1, ¶5).

Based upon the exact same allegations, Judge Steele found that "these allegations in the Complaint are insufficient to allege personal jurisdiction of John Doe #1 or any defendant under the Florida long-arm statute and the Due Process Clause. The allegations do not state that John Doe #1 or any defendant purposefully directed his activities at Florida or in Florida, or that he knew his activities would cause harm in the State of Florida, or that he is actually located in the state of Florida." *Nu Image, Inc. v. Does 1 - 3,932*, Case No. 2:11-cv-545-FtM-29SPC, 2012 WL 1890632, *2 (M.D. Fla. May 23, 2012). This Court agrees with Judge Steele's analysis that the allegations in the instant Complaint are insufficient to allege personal jurisdiction over John Does who filed the motions above. As Judge Steele determined, the alleged copyrighted materials in the instant case were alleged to be distributed and offered for distribution in every jurisdiction, but no specific ties to the State of Florida were alleged such that any of the Defendants would be on notice or could reasonably foresee that they would be "hauled into court in the State of Florida." The vague and conclusory

allegations in the instant Complaint (Doc. 1) are not sufficient to satisfy a *prima facie* case for personal jurisdiction in the State of Florida. *See*, *Internet Solutions Corp. v. Marshal*, 611 F.3d 1368, 1370 (11th Cir. 2010). Further, "participation in a BitTorrent swarm that results in copyrighted work being distributed to computers in the forum is insufficient by itself to confer specific jurisdiction over a defendant." *Liberty Media Holding, LLC v. Tabora*, No. 11-cv-651-IEG (JMA), 2012 WL 28788, *4 (S.D. Ca. Jan. 2, 2012). Therefore, the Court respectfully recommends that the motions to quash the subpoena be granted based upon the Plaintiff failing to sufficiently allege personal jurisdiction as to these Doe Defendants.

### III. Other Issues Raised

The Doe Defendants also request that the Court sever the Defendants, that this action be dismissed, and that the Court enter a protective order. The Doe Defendants have not been served in this case, therefore, the motions to dismiss and sever are premature. The Court is recommending that the subpoena be quashed, therefore, the issues relating to protective orders are moot.

**IT IS RESPECTFULLY RECOMMENDED:**

1) John Doe #3's Motion to Dismiss or Sever for Misjoinder or in the Alternative, Motion to Quash the Subpoena of John Doe #3 (Doc. 35) be **GRANTED** as to the Motion to Quash the Subpoena, and **DENIED** as premature as to the Motion to Dismiss or Sever for Misjoinder.

2) John Doe #40's Motion to Dismiss and/or Issue a Protective Order (Doc. 41) be **GRANTED** to the extent that the subpoena is quashed, and be **DENIED** as premature as to the Motion to Dismiss and **DENIED** as to the Motion to Issue a Protective Order.

3) John Doe #122's Motion to Dismiss and/or Issue a Protective Order (Doc. 42) be **GRANTED** to the extent that the subpoena is quashed, and be **DENIED** as premature as to the Motion to Dismiss and **DENIED** as to the Motion to Issue a Protective Order.

3) John Doe #335's Motion to Quash or Vacate Subpoena (Doc. 43) be **GRANTED** as to the Motion to Quash, and **DENIED** as to the Motion to Vacate Subpoena.

4) Elna Coloma IP Address 98.249.134.22's Motion to Quash Subpoena (Doc. 44) be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __5th__ day of July, 2012.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record