UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


NU IMAGE, INC.,

               Plaintiff,

vs.                                  Case No.  2:12-cv-109-FtM-29DNF

DOES 1-2,515,

               Defendant.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of the Magistrate Judge's Reports and Recommendations (Docs. ## 49, 61, 95) recommending that the John Doe motions to quash be granted based upon plaintiff's failure to sufficiently allege personal jurisdiction in the Complaint, and that the other relief sought be denied as premature.  John Does filed Objections to the extent that the other arguments were rejected or not considered, and in the event that the Report and Recommendation is not adopted.  Plaintiff filed Objections arguing that a personal jurisdiction analysis is premature.

    The Reports and Recommendations were based on the undersigned's Opinion and Order issued in a related case, <u>Nu Image, Inc. v. Does 1-3,932</u>, 2:11-cv-545-FTM-29SPC, Doc. #244 (M.D. Fla. May 23, 2012).  A review of the Complaint (Doc. #1) in this case

reflects the same generic jurisdictional allegations that the Court has previously found to be inadequate in the related case. Therefore, the motions to quash are due to be granted.

On July 23, 2012, plaintiff filed an Amended Complaint (Doc. #124) alleging:

> Although the true identity of each Defendant is unknown to the Plaintiff at this time, upon information and belief personal jurisdiction in this District is proper because a substantial part of the tortious acts of infringement complained of herein occurred within the State of Florida, and each Defendant: (a) may be found within the State of Florida; and/or (b) knew that its tortious activities would cause significant harm to Plaintiff in the State of Florida given the fact that Plaintiff distributed its motion picture through legal distribution channels throughout the entire state. In addition, personal jurisdiction is proper because due to the tortious acts of infringement of each Defendant within the State of Florida, Plaintiff has suffered substantial and irreparable harm within this District because each Defendant's tortious actions have permanently compromised Plaintiff's efforts and ability to exclusively distribute its motion picture through authorized and legal distribution channels within this District and throughout the State of Florida.

(Doc. #124, ¶ 5.) The Court notes that the Amended Complaint does not allege an affiliation with the Middle District of Florida or the Fort Myers Division of the Middle District of Florida, however the Court need not address this issue at this time. The Court also notes that the notification letter sent to John Does by Comcast Cable Communications came from Moorestown, New Jersey after receipt of a Subpoena served on Comcast Cable Communications' Custodian of Records in Moorestown, New Jersey, out of the Middle District of Florida. (See Doc. #14-1, #14-2.) Although the motions to quash

were correctly filed in the Middle District of Florida because the subpoenas were issued out of the Middle District of Florida, see Fed. R. Civ. P. 45(c)(3)("the issuing court must quash"), the subpoenas for Comcast Cable Communications[1] should have been issued out of the District Court of New Jersey and more specifically the Division encompassing Moorestown, New Jersey, because that is where the production without appearance was commanded.[2]

Accordingly, it is now

**ORDERED**:

1. The Reports and Recommendations (Docs. ## 49, 61, 95) are **accepted and adopted.**

2. All pending motions to quash, including those not addressed by the Reports and Recommendations, are **GRANTED** and the subpoenas are quashed. The motions are otherwise denied as moot or premature.

---

[1] The Subpoena issued to Cox Communications, Inc.'s Subpoena Coordinator was served in Atlanta, Georgia, although plaintiff issued the subpoena from the Middle District of Florida. (Doc. #65-1.)

[2] Under Federal Rule of Civil Procedure 45(a)(2)(C), a subpoena is issued for production "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). Thereafter, any motions to enforce or quash a subpoena would thus be filed in the district where the subpoena was issued, in a miscellaneous case.

3. Plaintiff shall serve a copy of this Opinion and Order on the third-party internet service providers served with subpoenas in this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of July, 2012.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Parties of Record