UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

NU IMAGE, INC.

    Plaintiff,

    v.

DOES 1-2,515

    Defendants.

_____/

Case No. 2:12-cv-109-FtM-29DNF

## JOHN DOE #329'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

John Doe # 329 (IP address 174.48.187.239), by and through its undersigned counsel, files this limited Objection to the Report and Recommendation ("R&R") dated July 16, 2012. Doe Defendant # 329 agrees with the R&R insofar as it grants the Motion to Quash the subpoena, but respectfully objects to the R&R to the extent it recommends denial of the Motion to Sever and Dismiss.

Federal courts have increasingly been presented with situations factually similar to the instant case. In *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011), Plaintiff sought leave to take discovery prior to the Rule 26(f) Conference, and subsequently served Rule 45 subpoenas on internet service providers ("ISPs"), requesting identifying information for each Doe defendant based on internet protocol ("IP") addresses. The court, in ruling on a Doe defendant's motion to quash that also requested dismissal due to improper joinder, held:

345849-1

> Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has jurisdiction to hear and decide nondispositive matters without the consent of the parties. A motion to quash is normally considered a non-dispositive matter, and therefore, the undersigned has jurisdiction to rule . . . . [and] to *consider the question of whether joinder of unserved defendants is proper, including whether unserved defendants should be severed and dismissed from the action*, because defendants who have not been served are not considered 'parties' under 28 U.S.C. § 636(c).

(emphasis added) (citations omitted). *Id.* at 1155. See also *Ellsworth v. Prison Health Services, Inc.*, 2012 WL 1107754, No. CV-11-8070 at FN2 (D. Ariz. March 31, 2012) ("The Magistrate Judge did have jurisdiction to consider whether the joinder of unserved defendants was proper because such defendants 'are not considered "parties"' under 28 U.S.C. § 636(c)").

The court in *Hard Drive Productions* ultimately found joinder to be improper, severing and dismissing all Doe defendants except for Doe defendant #1 "to avoid causing prejudice and unfairness to Defendants, and in the interest of justice." 809 F. Supp. 2d at 1164. Furthermore, the court held "permissive joinder of the Doe Defendants does not comport with the 'notions of fundamental fairness,'" that joinder "would result in numerous hurdles that would prejudice defendants," that "the courtroom proceedings would be unworkable," and finally, that "[t]hese burdens completely defeat any supposed benefit from the joinder of all Does . . . and would substantially prejudice defendants and the administration of justice." *Id.* at 1165. Numerous other courts have also found it appropriate to dismiss unserved Doe defendants in factually similar cases at this stage of the proceedings.[1]

---

[1] *Liberty Media Holdings, LLC v. Bittorrent Swarm*, 2011 WL 5190048 (S.D. Fla. Nov. 1, 2011); *Raw Films, Inc. v. Does 1-32*, 2011 WL 6840590 (N.D. Ga. Dec. 29, 2011); *On the Cheap, LLC v. Does 1-5,011*, 280 F.R.D. 500 (N.D. Cal. 2011); *AF Holdings, LLC v.*

345849-1

The court in *Hard Drive Productions* found joinder of 187 Doe defendants to be untenable. At bar, Plaintiff Nu Image, Inc. seeks joinder of 2,515 defendants.

John Doe #329 respectfully requests that this Court sustain the Objection and sever and dismiss all Doe defendants except for Doe defendant #1.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th of July, 2012, a true copy of the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Middle District's Rules on Electronic Service upon all counsel of record.

    Respectfully submitted,

    SIEGFRIED, RIVERA, LERNER,
    DE LA TORRE & SOBEL, P.A.
    **Attorneys for John Doe# 329**
    201 Alhambra Circle
    Suite 1102
    Coral Gables, Florida 33134-5108
    305-442-3334
    Fax: 305- 443-3292

    By: /s/Stuart Sobel
    Stuart H. Sobel, Esq.
    Email: ssobel@siegfriedlaw.com

H:\LIBRARY\CASES\6539\2120632\2P60487.DOC

---

*Does 1-97*, 2011 WL 2912909 (N.D. Cal. 2011); *Interscope Records v. Does 1-25*, 2004 WL 6065737 (M.D. Fla. April 1, 2004); *Ellsworth v. Prison Health Services, Inc.*, 2012 WL 1107754 (D.Ariz. Mar. 31, 2012).

345849-1